UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

NOEMI NOBOA, as legal guardian of N.N.,[1] an infant under the age of 18,

                        Plaintiff,

               -against-

CITY OF NEW YORK; Correction Officer BELINDA IFILL, Shield No. 14997; Correction Officer LASHAWNA GORDON-DIXON, Shield No. 2880, Captain SHEILA IRBY, Shield No. 1476, JOHN and JANE DOE 3 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------- X

**AMENDED COMPLAINT**

**ECF CASE**

Jury Trial Demanded

11 CV 0948 (PAC)(RLE)

## PRELIMINARY STATEMENT

1.    This is a civil rights action brought by plaintiff Noemi Noboa ("Ms. Noboa" or "plaintiff") on behalf of infant N.N. for damages pursuant to 42 U.S.C. § 1983.  While visiting an inmate who was housed at the Eric M. Taylor Center ("EMTC") of the New York City Department of Correction ("DOC" or "the Department"), N.N. was unlawfully strip-searched and sexually violated by a female correction officer.

---

[1] The full name of infant plaintiff N.N. has been redacted pursuant to F~ED~ R. C~IV~. P. 5.2(a)(3).

2. As a result of this egregious violation, N.N. suffered significant emotional and psychological injuries, including, without limitation, debilitating shock, fright and fear, nightmares, difficulty sleeping, sustained loss of appetite and inability to attend school and/or work.

3. N.N. now seeks redress against the DOC employees who violated her rights and failed to intervene in the violation of her privacy and the City of New York as their employer.

## JURISDICTION AND VENUE

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)-(4) and 1367(a).

6. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

7. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action.

## **PARTIES**

9. Noemi Noboa and N.N. reside in Bronx County.

10. N.N. is a full-time high school student.

11. Defendant City of New York ("City") is a municipal corporation, which, through its DOC, operates a number of detention jails. The Department is also responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein.

12. At all times relevant hereto, Correction Officer Belinda Ifill, Shield No. 14997 ("Ifill"), was an officer within the DOC and assigned to EMTC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Ifill worked at Rikers Island at the time of the incident alleged herein and is believed to have been the female officer who strip-searched and sexually violated N.N. Defendant Ifill is sued in her individual capacity.

13. At all times relevant hereto, Officer Lashawna Gordon-Dixon ("Gordon-Dixon"), Shield No. 2880, was an officer within the DOC and assigned to EMTC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law. Defendant Gordon-Dixon worked at Rikers Island at the time of the incident alleged herein and is believed to have been a female officer who failed to

intervene in the unlawful strip-search and sexual assault of N.N.  Defendant Gordon-Dixon is sued in her individual capacity.

14. At all times relevant hereto, Captain Sheila Irby ("Irby"), Shield No. 1476, was an captain within the DOC and assigned to EMTC at Rikers Island, acting in the capacity of agent, servant, and employee of defendant City, within the scope of her employment as such, and acting under color of state law.  Defendant Irby worked at Rikers Island at the time of the incident alleged herein and is believed to have been a female captain who failed to intervene in the unlawful strip-search and sexual assault of N.N.  Defendant Irby is sued in her individual capacity.

15. At all times relevant hereto, John and Jane Does # 3-10, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designations "John and Jane Does," were officers, captains, assistant deputy wardens and/or deputy wardens of DOC, acting in the capacity of agents, servants, and employees of defendant City, within the scope of their employment as such, and acting under color of state law.  On information and belief, defendants John and Jane Does # 3-10 worked at EMTC at Rikers Island on December 19, 2010, and participated, or witnessed and failed to intervene in the unlawful strip-search and sexual assault of plaintiff.  Defendants John and Jane Does # 3-10 are sued in their individual capacities.

## STATEMENT OF FACTS

16. On Sunday, December 19, 2010, at around 1:30 p.m. N.N. was visiting her boyfriend who was being detained at C-76, also known as EMTC.

17. N.N. was on line waiting to undergo the search process along with about 25 other visitors.

18. A canine was brought out to sniff the visitors and N.N. was asked to undergo a search in another room.

19. In the other room, Officer Ifill told N.N. to shake out her bra and to put her finger around her waist, which Ifill indicated was part of the procedure.

20. N.N. complied with the Ifill's commands.

21. Officer Ifill informed N.N. that she was doing it incorrectly. N.N. attempted to do it according to how Ifill wanted it.

22. Ifill again informed N.N. that she was doing it incorrectly.

23. Ifill then called out to Officer Gordon-Dixon to get Ifill's gloves.

24. Ifill then pulled down N.N.'s tights and placed her hands inside N.N.'s panties.

25. Ifill then inserted her fingers inside N.N.'s vagina.

26. N.N. immediately asked Ifill what was going on.

27. Ifill told her, "No, don't look down."

28. Ifill repeatedly felt inside N.N.'s vagina.

29. After the "search" was over, N.N. was told in sum and substance to do what they say and what they say goes.

30. N.N. felt violated and felt like she had been treated like a criminal.

31. N.N. felt ashamed, belittled and began to cry.

32. N.N. was then informed that she would be given a "booth visit."

33. N.N. asked to speak to the Captain who informed her in essence that there was nothing the Captain could do about the visit because the canine detected some type of scent, which gives her an automatic booth visit.

34. When N.N. complained to Captain Irby that she had just been violated by a Correction Officer Captain Irby just told N.N. to "call 311."

35. Captain Irby, who was in a position to intervene, failed to do so and failed to prevent the sexual assault of N.N.

36. At no time did the officers have any legitimate penological interest to justify the strip-search and sexual assault of N.N. The officers did not have individualized reasonable suspicion to suspect that she was concealing contraband on her person and her search was conducted to achieve collateral unlawful objectives including subjecting her to ridicule and humiliation and providing the officers with perverse titillation, sexual satisfaction and amusement. There was not and could not

have been any lawful reason for a female officer to conduct a strip-search of a visitor yet alone to sexually assault the visitor during the course of that unlawful strip-search. Officers Ifill, Gordon-Dixon, Captain Irby and John and Jane Does # 3 - 10 acted sadistically and maliciously and demonstrated deliberate indifference toward N.N.'s rights and physical and emotional well-being.

37. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

38. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

39. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

40. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, damage to her reputation, lost time from school and/or work.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. § 1983/Fourth and Fourteenth Amendments
## (Against All Individual Defendants)

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     By reason of the foregoing, and by subjecting N.N. to a strip-search and sexual assault that was unlawful, gratuitous, excessive, unnecessary, sadistic, solely punitive in nature, designed to humiliate and embarrass N.N. and designed to titillate and amuse Department staff, and by failing to prevent the strip-search and sexual assault from occurring, the individual defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from gratuitous and unlawful invasions of her privacy.

43.     The individual defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employments as DOC officers and employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. These defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM FOR RELIEF
### Assault and Battery
### (Against All Defendants)

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. In assaulting, battering, and threatening plaintiff, or standing by and failing to intervene when plaintiff was assaulted, the Individual Defendants, acting in their capacities as DOC officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

47. The assault and battery by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers and constituted an unreasonable and excessive use of force.

48. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's assault and battery and the subsequent failure to provide adequate medical care. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or failing to provide necessary medical care, or causing an unlawful seizure and extended detention without due process, the Individual Defendants, acting in their capacities as DOC officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

52. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

53. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or failing to provide necessary medical care, or causing an unlawful seizure and extended detention without due process, the Individual Defendants, acting in their capacities as DOC officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

57. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as DOC officers.

58. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM FOR RELIEF
### Negligent hiring/ retention of Employment Services
### (Against Defendant City)

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendant City, through the DOC, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

62. Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

63. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

64. Upon information and belief, defendant City's negligence in screening, hiring, and retaining these defendants proximately caused each of plaintiff's injuries.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 21, 2011
         New York, New York

                        HARVIS & SALEEM LLP

                        _____
                        Afsaan Saleem
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        asaleem@harvisandsaleem.com

                        *Attorney for plaintiff*